UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

RECEIVED
2026 JAN 20 P 3: 31
T__Y _ANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

RONALD MAYS,
Plaintiff,

v.

Case No.: 2:26-cv-00043-MHT-JTA

McCalla Reymer Leifert Pierce
LOANCARE, LLC;
TIFFANY & BOSCO, P.A.,
Defendants.

## VERIFIED COMPLAINT FOR DECLARATORY RELIEF, EMERGENCY INJUNCTIVE RELIEF, AND DAMAGES TEMPORARY RESTRAINING ORDER

Plaintiff Ronald Mays, proceeding pro se, files this Verified Complaint and alleges upon personal knowledge and information and belief as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.
2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over related state-law claims.
3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the property and events giving rise to this action occurred in this District.

### II. PARTIES

4. Plaintiff Ronald Mays is a resident of Alabama and the owner of the subject residential property.
5. Defendant LoanCare, LLC is a mortgage loan servicer that exercised control over foreclosure decisions, notices, and enforcement actions.
6. Defendant Tiffany & Bosco, P.A. is a law firm retained as foreclosure counsel and engaged in joint participation with LoanCare in the challenged conduct.
7. McCalla Reymer, Leifert Pierce, Defendant(s)

## III. FACTUAL ALLEGATIONS

7. Plaintiff entered into mortgage servicing and loss-mitigation communications with LoanCare.
8. Despite pending hardship review and the absence of lawful foreclosure authority, Defendants caused foreclosure advertising to be published in a county where such advertising was prohibited.
9. Defendants threatened foreclosure within fifteen (15) days, creating an imminent risk of irreparable harm.
10. Defendants acted knowingly, willfully, and in reckless disregard of Plaintiff's rights.

## IV. FEDERAL CAUSES OF ACTION

COUNT I – Deprivation of Property Without Due Process (42 U.S.C. § 1983)

11. Defendants, acting under color of state law and through joint participation, deprived Plaintiff of constitutionally protected property interests without due process.
12. Plaintiff suffered and continues to suffer irreparable harm.

COUNT II – Declaratory and Injunctive Relief (28 U.S.C. §§ 2201–2202)

13. An actual controversy exists regarding Defendants' foreclosure authority.
14. Plaintiff seeks declaratory and injunctive relief to prevent unlawful foreclosure.

## V. EMERGENCY INJUNCTIVE RELIEF

15. Plaintiff faces immediate and irreparable harm through loss of unique real property.
16. Plaintiff is likely to succeed on the merits.
17. The balance of equities and public interest favor injunctive relief.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:
A. Issue a Temporary Restraining Order and Preliminary Injunction;
B. Declare Defendants' conduct unlawful;
C. Award compensatory damages;
D. Grant costs and further relief deemed just.

## VII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## VIII. VERIFICATION

I, Ronald Mays, declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of January, 2026.

_____
Ronald Mays

1006 Saddle Ridge
Prattville Ala 36066
334-414-4629
cityacctg@hotmail.com

**CERTIFICATE OF SERVICE**

I certify that on this date a true and correct copy of this Verified Complaint and Emergency Motion was served upon Defendants by U.S. Mail and/or electronic service.

Ronald Mays