IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD MAYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-43-MHT-JTA |
| | ) | (WO) |
| MCCALLA REYMER LEIFERT | ) | |
| PIERCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Before the court[1] is *pro se* Plaintiff Ronald Mays's Response to the Court's Order and Notice of Compliance, which the court CONSTRUES as containing his amended complaint.[2] (Doc. No. 8.) For the reasons stated below, the undersigned concludes the amended complaint and this action are due to be dismissed without prejudice for lack of subject matter jurisdiction.

## I.      STANDARD OF REVIEW

Subject matter jurisdiction is the power of the court to hear a class of cases, which is conferred by statute. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 503, 513 (2006).  "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited

---

[1] Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." (Doc. No. 6.)

[2] In the Response to the Court's Order and Notice of Compliance, Plaintiff states that the document is intended to comply with the January 26, 2026 order to amend, and the document partially complies with that order. (Doc. No. 8 at 1.) Plaintiff has filed no other document that could plausibly be construed as an amended complaint.

or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Hence, the Court must *sua sponte* evaluate its own jurisdiction at the earliest possible stage of the proceedings, and constantly throughout the course of the action. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (citation omitted). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514.

Because *pro se* plaintiffs are not trained attorneys, the court affords liberal construction to the jurisdictional allegations of their pleadings. *See GJR Inv's., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." (citations omitted)), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Liberal construction has its limits, though, and this court may not rewrite an otherwise deficient motion in order to create jurisdiction." *In re Davis*, 237 B.R. 177, 181 (M.D. Ala. 1999); *see also GJR Inv's.*, 132 F.3d at 1369 ("[E]ven in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading . . . to sustain an action. (citations omitted)).

## II. DISCUSSION

In Plaintiff's original complaint, Plaintiff asserted two claims: a claim for "Deprivation of Property Without Due Process" pursuant to 42 U.S.C. § 1983, and a claim for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202. Plaintiff's original § 1983 claim

sought relief against two law firms and a mortgage loan servicer for wrongfully foreclosing on his property. However, a § 1983 claim is not viable unless the defendant deprived the plaintiff of constitutional or other federal rights while acting under color of state law. 42 U.S.C. § 1983. The original complaint alleged no facts plausibly establishing Defendants' liability as state actors. *See Kohler v. Garlets*, 578 F. App'x 862, 865 (11th Cir. 2014) (affirming dismissal of § 1983 due process and equal protection claims arising out of a mortgage foreclosure because the complaint did not sufficiently allege the private-party defendants were state actors).

Plaintiff's declaratory judgment claim in the original complaint fared no better. The Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, does not provide a federal court with subject matter jurisdiction. *California v. Texas*, 593 U.S. 659, 672 (2021). "Therefore, a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question."[3] *Sellers v. Nationwide Mut. Fire Ins. Co.*, 968 F.3d 1267, 1273 (11th Cir. 2020) (citation modified). Plaintiff's original declaratory judgment claim challenged Defendants' foreclosure authority and the lawfulness of the foreclosure. These challenges did not appear to arise under federal law, and Plaintiff provided no allegations demonstrating otherwise. Neither were the allegations in the

---

[3] Diversity jurisdiction exists in civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs. *Mohan Props., LLC v. Unif. Paving & Seal Coating, LLC*, No. 1:24-cv-793-JTA, 2025 WL 2109882, at *2 n.7 (M.D. Ala. July 28, 2025) (citing 28 U.S.C. § 1332). Under the rule of "complete diversity," diversity jurisdiction does not exist if any plaintiff shares the same state citizenship with any defendant. *Id.* "Federal question jurisdiction exists if the suit arises under 'the Constitution, laws or treaties of the United States.'" *Id.* at *2 n.8 (quoting 28 U.S.C. § 1331).

complaint sufficient to establish diversity jurisdiction. Specifically, Plaintiff did not allege the parties' citizenship or clearly state the amount in controversy.

Accordingly, on January 26, 2026, the court found the original complaint "fail[ed] to sufficiently allege federal jurisdiction and fail[ed] to state a claim upon which relief can be granted." (Doc. No. 7 at 4.) After advising Plaintiff of the deficiencies in the original complaint, the court "provide[d] Plaintiff <u>one</u> opportunity to amend his complaint in compliance with the Federal Rules of Civil Procedure." (*Id.* (emphasis in original).) The court further advised Plaintiff "that even a *pro se* litigant must comply with all applicable deadlines, this court's orders, the court's local rules, and the Federal Rules of Civil Procedure, just as any other litigant must do, or face sanctions, which could include monetary sanctions or dismissal of this case with or without prejudice." (*Id.* (emphasis and citations omitted).) The court then ordered Plaintiff to file, on or before February 13, 2026, an amended complaint that must:

   a.  Contain a short, plain statement of the basis for the court's jurisdiction.

   b.  Contain a section of facts that sets out a short, plain statement of the factual allegations supporting Plaintiff's claims. The facts should not contain legal conclusion or arguments. The fact section should specifically describe how each Defendant acted, or failed to act, in a way that violated the law and harmed Plaintiff. The complaint should also state when and where the Defendants' alleged wrongful actions occurred.

   c.  Contain a causes of action section that sets out each claim in separately numbered counts. Each claim should state the constitutional, statutory, or common law cause of action upon which it is based.

(*Id.* at 7.)

The court then **"advised that failure to timely file an amended complaint in compliance with the requirements of this Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the court's orders. Such dismissal may be with or without prejudice."** (*Id.* (emphasis in original).) The court further advised Plaintiff "**that his amended complaint will supersede his initial complaint and will be subject to 28 U.S.C. § 1915(e)(2)(B) review**." (*Id.* (emphasis in original).)

On February 2, 2026, Plaintiff filed an amended complaint in response to the January 26, 2026 order. (Doc. No. 8.) The amended complaint does not contain a statement of facts or a section that sets out each claim in separately numbered counts. Plaintiff did not state the constitutional, statutory, or common law cause(s) of action upon which his claims are based. Plaintiff included a section entitled "Statement of Claims (Summary)" which, albeit short, is not a plain statement of the factual allegations supporting his claims. (Doc. No. 8 at 2.) It does not specifically describe how each Defendant acted, or failed to act, in a way that violated the law and harmed Plaintiff. Neither does it state when and where the Defendants' alleged wrongful actions occurred. Thus, the amended complaint does not comply with the January 26, 2026 order.

Nor does the amended complaint remedy the jurisdictional defects identified in the January 26, 2026 order. Rather, it compounds those defects by failing to include any well-pleaded basis for federal question jurisdiction. The amended complaint contains a section entitled "Basis for Federal Jurisdiction" in which Plaintiff alleges the court "has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff asserts claims arising under the Constitution and laws of the United States, including but not limited to violations of due

process and federally protected rights relating to foreclosure practices, notice, and deprivation of property." (Doc. No. 8 at 1.) The "Statement of Claims (Summary)" mentions that Plaintiff seeks relief for "violations of federal law" and "completed constitutional and statutory violations rather than appellate review of any state court judgment." (*Id.* at 2.)

"[M]erely citing a federal statute" or referencing the Constitution, "without more, is insufficient for establishing jurisdiction." *Terry v. Desautels*, No. 2:24-CV-727-RAH-JTA, 2025 WL 2089310, at *9 (M.D. Ala. July 24, 2025) (citations omitted), *report and recommendation adopted*, No. 2:24-CV-00727-RAH, 2025 WL 2375145 (M.D. Ala. Aug. 14, 2025). Plaintiff neither specifically identifies the federal laws or constitutional provisions giving rise to his claims nor alleges facts sufficient to indicate a basis for federal jurisdiction, even when construed generously considering his *pro se* status. Because Plaintiff alleges no federal claims, the amended complaint fails to establish the existence of federal question jurisdiction. *See Resnick v. KrunchCash, LLC*, 34 F.4th 1028, 1034 (11th Cir. 2022) ("The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." (citations omitted)). Consequently, the amended complaint is due to be dismissed for lack of subject matter jurisdiction.[4]

---

[4] The amended complaint's truncated statement of facts does not remedy the original complaint's failure to state a claim upon which relief can be granted. Nonetheless, because the court lacks subject matter jurisdiction over the amended complaint, the proper course of action is to dismiss without prejudice for lack of jurisdiction. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

## III.    CONCLUSION

Accordingly, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that this action be dismissed without prejudice for lack of jurisdiction.

It is further ORDERED that, on or before **March 30, 2026**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 16th day of March, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

7